UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DWAYNE STOUTAMIRE,**

    **Plaintiff,**

                                                  **Civil Action 2:10-cv-00645**
**v.**                                            **Judge Edmund A. Sargus**
                                              **Magistrate Judge E.A. Preston Deavers**

**THE DEPARTMENT OF REHABILITATION**
**AND CORRECTION,**

    **Defendant.**

## REPORT AND RECOMMENDATION

       This matter is before the Court for consideration of Plaintiff's Motion for Preliminary Injunction (ECF No. 12) and Defendant Ohio Department of Rehabilitation and Correction's Motion for Judgment on the Pleadings (ECF No. 15). For the reasons that follow, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for Preliminary Injunction and **GRANT** Defendant Ohio Department of Rehabilitation and Correction's Motion for Judgment on the Pleadings (ECF No. 15.)

### I. BACKGROUND

       Plaintiff, who is proceeding *pro se*, claims that the Defendant's current policies and wage garnishment procedures are denying him his constitutional right of access to the courts. Plaintiff seeks a permanent injunction against Defendant. Specifically, Plaintiff asserts in his Complaint that Defendant allows $15.00 of his monthly wages to stay in his prisoner account. Plaintiff maintains that Defendant garnishes the rest of his earnings, as well as any money sent to him from his family or friends, to pay for his past court costs. Furthermore, Plaintiff contends that

Defendant sets indigent status, a status which requires Defendant to pay for all of a prisoner's postage to the courts, at $12.00. Based on these circumstances, Plaintiff maintains that he is unable to send legal mail once he spends his monthly earnings of $15.00.

On September 27, 2010, Plaintiff moved for a preliminary injunction to allow him unlimited access to the courts until this action is resolved. (Mot. Prelim. Inj. 3, ECF No. 12.) Defendant opposes this motion, maintaining that Plaintiff has no likelihood of success on the merits. Furthermore, Defendant moves for Judgement on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). In particular, Defendant maintains that Plaintiff's action should be dismissed because Plaintiff lacks standing; Defendant is not a "person" subject to liability under 42 U.S.C. § 1983; Plaintiff failed to allege Defendant intentionally deprived him of access to courts; and Plaintiff failed to allege sufficient facts to support a § 1983 claim.

## II. STANDARD OF REVIEW

A. <u>Motion for Preliminary Injunction</u>

A district court considering the extraordinary remedy of a preliminary injunction must consider whether the movant has established following four factors:

> (1) whether the movant has shown a strong likelihood of success on the merits;
> (2) whether the movant will suffer irreparable harm if the injunction is not issued;
> (3) whether the issuance of the injunction would cause substantial harm to others;
> and (4) whether the public interest would be served by issuing the injunction.

*Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Id*. "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (citation omitted);

*see also Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

B.  <u>Motion for Judgment on the Pleadings</u>

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding on a Rule 12(c) motion, the Court "must take all the 'well-pleaded material allegations of the pleadings of the opposing party' as true." *Cincinnati Ins. Co. v. Beazer Homes Inv., LLC*, 594 F.3d 441, 445 (6th Cir. 2010)(quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006)). The Court may grant a motion for judgment on the pleadings when the "moving party is entitled to judgment as a matter of law." *Id.* (internal citation omitted).

To survive a motion for judgment on the pleadings, Plaintiff's "factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Nevertheless, the Court holds *pro se* plaintiffs "to a less stringent pleading standard than a party with an attorney." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Despite this more lenient standard, *pro se* plaintiffs are still subject to pleading requirements. *Dotson v. Collins*, 317 Fed. Appx. 439, 443 (6th Cir. 2008).

### III.  ANALYSIS

Even assuming that Plaintiff pleads a sufficiently imminent injury for the purposes of standing and that Plaintiff's Complaint asserts sufficient facts to meet the elements of his § 1983 claim, Defendant, the Department of rehabilitation and Correction, is still entitled to judgment as

a matter of law.[1]  As a state agency, Defendant has Eleventh Amendment immunity and is not a "person" within the meaning of § 1983.  *See* 42 U.S.C. § 1983 (applying to "[e]very person" who subject a United States citizen to the deprivation of any constitutional rights).

Defendant moves for dismissal pursuant to *Will v. Michigan Dept. of Police*, 491 U.S. 58 (1989).  In *Will*, the Supreme Court held "that a State is not a person within the meaning of § 1983."  491 U.S. at 64.  The Court reasoned, in part, "[t]hat Congress in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity . . . ."  *Id.* at 66.  The States' Eleventh Amendment immunity "proscribes suits in federal court against the state or any of its agencies or departments unless the state has given express consent, regardless of the relief sought."  *Stayner v. Ohio Dept. of Rehab. & Corr.*, No. 2:09-CV-752, 2010 WL 2620586, at *5 (S.D. Ohio June 25, 2010) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)); *see also Salt Lick Bancorp v. F.D.I.C.*, 187 F. App'x 428, 442 (6th Cir. 2006) ("[A] state agency may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity or Congress has overridden it.").

In this case, there is no question that the Ohio Department of Rehabilitation and Correction is an agency of the State of Ohio.  Furthermore, "'Ohio has not waived its sovereign immunity in federal court.'"  *Moss v. Columbus Bd. of Educ.*, 98 F. App'x. 393, 395 (6th Cir. 2004) (quoting Mixon v. State of Ohio, 193 F.3d 389, 396–97 (6th Cir.1999)).  Thus, the state of Ohio and, in this case, its agency,  is immune from suits brought in federal court pursuant to 42 U.S.C. § 1983.  *See id.*   Accordingly, Plaintiff cannot sue Defendant for a violation of § 1983 because Defendant is immune under the Eleventh Amendment and is not a "person" within the

---

[1] Nothing in this Report and Recommendation should be construed as an assessment of the merits of Plaintiff's claims.

meaning of § 1983.

In his opposition to Defendant's Motion for Judgment on the Pleadings, Plaintiff maintains that he may bring this suit against Defendant because he is seeking injunctive relief. The Court disagrees. Plaintiff cites numerous Supreme Court cases which affirm and discuss the Supreme Court's holding in *Ex Parte Young*, 209 U.S. 123 (1908), which allows individuals to sue a state official in his or her official capacity for injunctive relief. 209 U.S. at 159–60; *see also Hutto v. Finney*, 437 U.S. 678, 690 (1978) ("state officers are not immune from prospective injunctive relief"); *Papasan v. Allain*, 478 U.S. 265, 277–78 (1986) (discussing the line between injunctive and monetary relief in light of the *Young* decision); *Green v. Mansour*, 474 U.S. 64, 68 (1985) (summarizing *Young*).[2] Nevertheless, because Plaintiff has sued a state agency, and not a state official, the Eleventh Amendment exception outlined in *Young* does not apply to this case. Rather, Eleventh Amendment immunity applies to Defendant, as a state agency, regardless of the type of relief Plaintiff seeks. *Walker v. Cognis Oleo Chem., LLC*, No. 1:07-cv-289, 2008 WL 2705190, at *7 (S.D. Ohio July 9, 2008) ("The Eleventh Amendment bars suit against a state agency in federal court for injunctive relief.") (citing *Pennhurst*, 465 U.S. at 100).

Because Defendant has Eleventh Amendment immunity and is not a "person" within the meaning of 42 U.S.C. § 1983, it is entitled to judgment as a matter of law. The undersigned, therefore, **RECOMMENDS** that Plaintiff's action be dismissed pursuant to Federal Rule of Civil Procedure 12(c).

---

[2] Plaintiff also cites *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 624 (2002), which holds that a state's removal of a suit to federal court constitutes waiver of Eleventh Amendment immunity. In this case, Plaintiff brought this action in federal court, and, therefore, the Supreme Court's holding in *Lapides* does not apply.

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Court:

- **GRANT** Defendant's Motion for Judgment on the Pleadings (ECF No. 15) and **DISMISS** Plaintiff's action with prejudice.

- **DENY** Plaintiff's Motion for Preliminary Injunction (ECF No. 12) as moot in light of dismissal.[3]

- **CERTIFY** that any appeal from this decision is not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

## V. NOTICE

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

---

[3] Because Plaintiff has no likelihood of success in this claim, denial of his Motion for a preliminary injunction is also justified on the merits.

magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

<u>January 13, 2010</u>                                                            <u>     /s/ *Elizabeth A. Preston Deavers*     </u>
                                                                                          Elizabeth A. Preston Deavers
                                                                                          United States Magistrate Judge