# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DWAYNE STOUTAMIRE,**

    **Plaintiff,**

v.

    **Civil Action 2:10-cv-00645**
    **Judge Edmund A. Sargus**
    **Magistrate Judge E.A. Preston Deavers**

**THE DEPARTMENT OF**
**REHABILITATION AND**
**CORRECTION,**

    **Defendants.**

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court for consideration of the Magistrate Judge's January 13, 2011 Report and Recommendation (ECF No. 25). The Magistrate Judge found that Plaintiff, who is proceeding *pro se* failed to state a claim under 42 U.S.C. § 1983. Specifically, the Magistrate Judge determined that the Ohio Department of Rehabilitation and Correction ("ODRC"), a state agency, is immune from suit in federal court pursuant to the Eleventh Amendment and is not a person within the meaning of 42 U.S.C. § 1983. (Report & Recommendation 4–5, ECF No. 25.) Accordingly, the Magistrate Judge recommended that the Court grant Defendant's Motion for Judgment on the Pleadings (ECF No. 15); deny Plaintiff's Motion for Preliminary Injunction (ECF No. 12); and certify that any appeal from the Court's decision is not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). Plaintiff filed his Objections to the Report and Recommendation (ECF No. 27) on January 20, 2011. For the following reasons, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Report and Recommendation.

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

This matter involves both Defendant's Motion for Judgment on the Pleadings and Plaintiff's Motion for Preliminary Injunction. Pursuant to Federal Rule of Civil Procedure 12(c), "a party may move for judgment on the pleadings." As the United States Court of Appeals for the Sixth Circuit has held, "[a] motion brought pursuant to Rule 12(c) is appropriately granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.' " *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007)). As for Plaintiff's Motion for Preliminary Injunction, "the decision of whether to grant a motion for a preliminary injunction is 'left to the sound discretion of the district court.' " *Int'l Dairy Foods Ass'n v. Boggs*, 622 F.3d 628, 635 (6th Cir. 2010) (quoting *Deja Vu of Cincinnati, L.L.C. v. Union Twp. Bd. of Trs.*, 411 F.3d 777, 782 (6th Cir. 2005)). In deciding on whether to grant a preliminary injunction the Court must consider:

> (1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief.

2

*Id.* (quoting *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000), *overruled on other grounds by 729, Inc. v. Kenton County Fiscal Court*, 515 F.3d 485 (6th Cir. 2008)).

### III. ANALYSIS

Plaintiff raises three basic Objections to the Magistrate Judge's Report and Recommendation. First, Plaintiff challenges the Magistrate Judge's finding that the ODRC is an agency of the State of Ohio. Plaintiff's first Objection is without merit because the ODRC is a state agency of Ohio. *See, e.g.*, Meekison v. Voinovich, 67 F. App'x 900, 901 (6th Cir. Jun. 18, 2003) ("The ODRC is a state agency . . . ."); *McGuire v. Ameritech Services, Inc.*, 253 F. Supp. 2d 988, 997 (S.D. Ohio 2003) ("The ODRC must also be dismissed as it is nothing more than a sub-unit of the State.")

Second, Plaintiff maintains that he may bring an action against a state agency for injunctive relief. Plaintiff contends that because he may bring an action for injunctive relief against a state official, he is also entitled to bring an action for injunctive relief against a state agency. The Court disagrees. The Supreme Court has held that "a suit challenging the constitutionality of a state official's action is not one against the State." *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 102 (1984). Accordingly, the Eleventh Amendment does not prohibit the issuance of an injunction against a state official for unconstitutional action. *Id.* As the Magistrate Judge found, however, the Eleventh Amendment does prohibit actions against a state agency regardless of the form of relief Plaintiff seeks. *Salt Lick Bancorp v. F.D.I.C.*, 187 F. Appx 428, 442 (6th Cir. 2006) ("[A] state agency may not be sued in federal court, regardless of

3

the relief sought, unless the state has waived its sovereign immunity or Congress has overridden it.") (quoting *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991)); *see also Pennhurst*, 465 U.S. at 100 (stating that in a suit against a State or one of its agencies or departments the Eleventh Amendment "bar applies regardless of the nature of the relief sought."); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that a State is not a "person" within the meaning of 42 U.S.C. § 1983). Accordingly, the Court agrees with the Magistrate Judge that Defendant is immune from suit in federal court pursuant to the Eleventh Amendment and is not a person within the meaning of 42 U.S.C. § 1983. *See Amick v. Ohio Dep't of Rehab. & Corrs.*, No. 2:09-cv-812, 2010 WL 5393995, at *4 (S.D. Ohio Dec. 17, 2010) (holding that the Eleventh Amendment barred claims against the ODRC for declaratory relief)

Third, Plaintiff asserts that the Magistrate Judge failed to adequately consider his request for a preliminary injunction. The Court also finds this objection unavailing. For the reasons described above, Defendant is entitled to judgment as a matter of law. Because Plaintiff is not entitled to bring an action for injunctive relief against the ODRC, he has no likelihood of success on the merits. Accordingly, the Magistrate Judge properly found that Plaintiff's Motion for Preliminary Injunction should be denied.

## IV. CONCLUSION

For the above reasons, Defendant's Motion for Judgment on the Pleadings (ECF No. 15) is **GRANTED** and Plaintiff's action is **DISMISSED** with prejudice. Plaintiff's Motion for Preliminary Injunction (ECF No. 12) is **DENIED** as moot in light of dismissal. The Court **CERTIFIES** that any appeal from this decision is not taken in good faith pursuant to 28 U.S.C.

4

§ 1915(a)(3). The Clerk is **DIRECTED** to remove this case from the Court's pending case list.

**IT IS SO ORDERED.**

<u>3-28-2011</u>
**DATED**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**